1  JENNIFER LEE TAYLOR (CA SBN 161368)
   JTaylor@mofo.com
2  AMANDA D. PHILLIPS (CA SBN 305614)
   APhillips@mofo.com
3  RYAN ROMAIN (CA SBN 319603)
   RRomain@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522

7  Attorneys for Plaintiff
   KESTROS CAPITAL MANAGEMENT, LLC
8

9
                  **UNITED STATES DISTRICT COURT**
10
                  **NORTHERN DISTRICT OF CALIFORNIA**
11

12

13  KESTROS CAPITAL MANAGEMENT,        Case No.:
    LLC,
14                                      **COMPLAINT FOR TRADEMARK**
                   Plaintiff,           **INFRINGEMENT, UNFAIR**
15                                      **COMPETITION, AND FALSE**
             v.                         **DESIGNATION OF ORIGIN**
16
    KESTRA INVESTMENT SERVICES, LLC     **TRIAL BY JURY DEMANDED**
    and KESTRA FINANCIAL, INC.,
17
                   Defendants.
18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Kestros Capital Management, LLC ("Kestros") for its Complaint against

2    Defendants Kestra Investment Services, LLC and Kestra Financial, Inc. (collectively,

3    "Defendants") alleges as follows:

4                                    **PARTIES**

5         1.      Plaintiff Kestros is a limited liability company organized and existing under the

6    laws of the State of Delaware, having its principal place of business at 2666 E. Bayshore Road,

7    Suite C, Palo Alto, California  94303.

8         2.      Defendant Kestra Investment Services, LLC ("Kestra Investment Services") is a

9    limited liability company organized and existing under the laws of the State of Texas, having its

10   principal place of business at 1250 Capital of Texas Highway, Suite 125, Austin, Texas 78746.

11        3.      Defendant Kestra Financial, Inc. is a corporation organized and existing under the

12   laws of the State of Delaware, having its principal place of business at 1250 Capital of Texas

13   Highway, Suite 125, Austin, Texas 78746.

14                          **JURISDICTION AND VENUE**

15        4.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C.

16   § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question jurisdiction);

17   28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1367

18   (supplemental jurisdiction).

19        5.      This Court has personal jurisdiction over Defendants as, upon information and

20   belief, Defendants conduct business in this judicial district, Defendants' infringing services

21   complained of herein are offered within this judicial district. Defendants have an office within

22   this judicial district from which they offer the infringing services complained of herein, and

23   Defendants have caused injury to Kestros within this judicial district.

24        6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because,

25   on information and belief, Defendants regularly transact business within this judicial district and

26   have an office within this judicial district, and Defendants' activities cause harm to Kestros in this

27   district.  The Lanham Act provides that venue lies in the place of harm to the plaintiff.

28

**GENERAL ALLEGATIONS**

**A.    About Kestros' Business**

7.      Kestros is a capital management company that offers independent and objective financial advice.  Its recommendations are not affected by any outside business relationships or incentives.  Kestros prides itself on helping individuals and organizations make sound financial decisions based on their risk tolerance.

8.      Kestros also provides personalized confidential financial planning and consulting services and manages investment portfolios for individuals, pension and profit sharing plans, trusts, estates, charitable organizations, and businesses.

9.      Since at least as early as March 20, 2014, Kestros has continuously offered and provided financial and investment advice and services under the KESTROS® trademark.

10.      Kestros promotes its financial and investment advice and services under the KESTROS® mark on its website at www.kestros.com.

**B.    Kestros' Trademark Rights**

11.      Kestros has taken all appropriate measures to protect its rights in the KESTROS® trademark.

12.      Kestros owns U.S. Trademark Registration No. 4,622,037 for the mark KESTROS® for use in connection with "Financial advisory and consultancy services; Financial analysis and consultation; Financial and investment services, namely, consultation, advisory and development; Financial research; Financial risk management; Investment advice" in International Class 36, which issued on October 14, 2014.  Kestros filed the application that resulted in U.S. Trademark Registration No. 4,622,037 on June 12, 2013, and subsequently submitted a statement of use alleging use in commerce at least as early as March 20, 2014 and use in interstate commerce at least as early as July 2, 2014.  U.S. Trademark Registration No. 4,622,037 is prima facie evidence of the validity of the KESTROS® mark, of the registration of the KESTROS® mark, of Kestros' ownership of the KESTROS® mark, and of Kestros' exclusive right to use the KESTROS® mark in commerce on or in connection with the services specified in the

1  registration.  Attached hereto as Exhibit A is a true and correct copy of the registration certificate

2  for Registration No. 4,622,037.

3      13.    The KESTROS® mark is used in connection with Kestros' financial, investment,

4  and consulting services in the United States.  As such, Kestros also owns common law rights in

5  the KESTROS® mark for these services.

6      14.    As a result of Kestros' expenditures and efforts, the KESTROS® mark has come

7  to signify the high quality of Kestros' services.  The KESTROS® mark has incalculable

8  reputation and goodwill, belonging exclusively to Kestros.

9  **C.    Defendants' Business and Wrongful Conduct**

10     15.    Defendants also provide financial and investment advice and services.

11  Specifically, Defendants, without Kestros' authorization, recently began marketing and providing

12  financial and investment services that are competitive with Kestros' financial and investment

13  services under trademarks that are nearly identical to Kestros' KESTROS® mark.  These

14  trademarks include the KESTRA and KESTRA FINANCIAL marks (collectively the "KESTRA

15  Infringing Marks").

16     16.    Defendants' financial and investment services offered under the KESTRA

17  Infringing Marks are of the same nature as the financial and investment services Kestros offers

18  under the KESTROS® mark and compete directly with the financial and investment services

19  Kestros offers under the KESTROS® mark.

20     17.    On information and belief, Defendants' financial and investment services offered

21  under the KESTRA Infringing Marks are being offered through channels of trade that overlap

22  with those where Kestros' financial and investment services are offered under the KESTROS®

23  mark and are offered to the same classes of consumers.

24     18.    On information and belief, Defendants knew of Kestros' prior rights in the

25  KESTROS® mark when they chose to adopt the KESTRA Infringing Marks for use in

26  connection with financial and investment services and utterly disregarded those rights.

27     19.    On information and belief, Defendants did not begin to use or promote the

28  KESTRA Infringing Marks in connection with financial and investment services until long after

1    Kestros first used, promoted, and registered its KESTROS® mark.  Specifically, Defendants did

2    not begin offering financial and investment services under the infringing KESTRA trademark

3    until May 2016 and did not begin offering financial and investment services under the infringing

4    KESTRA FINANCIAL trademark until April 2016.

5          20.    The KESTRA Infringing Marks are confusingly similar to the KESTROS® mark.

6    The first five letters of the KESTRA Infringing Marks are identical to the first five letters of

7    Kestros' KESTROS® mark—KESTR.  The KESTR- element in both marks is followed by a

8    vowel; Kestros' mark then ends with the letter "S," which often symbolizes the plural form of a

9    word, rendering the marks close to visually identical.  Aurally, the KESTROS® mark sounds like

10    the plural form of KESTRA, rendering the marks close to aurally identical.  Finally, neither mark

11    has a commonly understood meaning, so the KESTROS® and KESTRA Infringing Marks are not

12    distinguishable in meaning.  With respect to the KESTRA FINANCIAL mark, the addition of the

13    FINANCIAL element is not distinguishing because it is merely descriptive of the financial

14    services that Defendants provide and has been disclaimed in Defendants' two applications to

15    register the KESTRA FINANCIAL mark.  By almost exactly copying the KESTROS® mark,

16    Defendants' KESTRA Infringing Marks are likely to cause consumers to believe that Defendants'

17    services are associated with Kestros' services.

18          21.    Because Defendants' KESTRA Infringing Marks are nearly identical to Kestros'

19    KESTROS® mark, Kestros' and Defendants' marks are confusingly similar in appearance,

20    sound, meaning, connotation, and commercial impression.

21          22.    On information and belief, Defendants' infringing acts are likely to cause

22    confusion or mistake or deception, now and in the future, as to the origin, source, and sponsorship

23    of Defendants' services.

24          23.    Defendants' conduct is ongoing and will continue unless restrained by the Court.

25    Unless Defendants are enjoined from engaging in the wrongful conduct described above, Kestros

26    will suffer irreparable harm, including through loss of goodwill, reputation, market share, and

27    revenue.

28

24. Moreover, the affiliation between Defendants' and Kestros' services will cause incalculable harm to Kestros because, on information and belief, Defendant Kestra Investment Services has been fined and sanctioned a number of times, including by the Commonwealth of Massachusetts.

25. In fact, there is even a website hosted by Sonn Law Group soliciting business for persons harmed by Kestra Investment Services (https://www.sonnlaw.com/investigations/kestra-investment-history-regulatory-sanctions/) listing "breach of fiduciary duty, negligence, and excessive markups." On information and belief, some of these sanctions were for an alleged failure to adequately supervise its registered representatives. Further, a Google search for "Kestra financial sanctions" shows many such sites and returns website results with details for at least ten sanctions.

26. Kestros has no adequate remedy at law for the irreparable harm that it is likely to suffer from loss of control of its KESTROS® trademark and association with Defendants.

**D. Defendants' Federal Trademark Filings**

27. Defendant Kestra Financial, Inc. is the current owner of U.S. Application Serial No. 86/983,057 for the KESTRA trademark filed on February 19, 2016 for "Financial consulting and advisory services in the fields of wealth management, insurance brokerage, financial investments, managed accounts, mutual funds, securities, annuities, hedge funds, options, retirement plans, investment advice, and financial planning; financial retirement plan consulting and administration services; providing a web site featuring financial and stock market research information in order to assist financial professionals in the management of financial investments; providing information and advice in the fields of finance, financial investments, financial valuations, and the financial aspects of retirement; providing a resource website featuring information in the fields of wealth management, insurance brokerage, financial investments, managed accounts, mutual funds, securities, annuities, hedge funds, options, retirement plans, investment advice, and financial planning; providing information and analysis in the fields of wealth management, insurance brokerage, financial investments, managed accounts, mutual funds, securities, annuities, hedge funds, options, retirement plans, investment advice, and

1   financial planning; financial planning; financial planning and investment advisory services;

2   financial advisory and consultancy services; financial analysis and research services" in

3   International Class 36.

4        28.    Defendant Kestra Financial, Inc. is the current owner of U.S. Application Serial

5   No. 86/913,184 for the KESTRA trademark filed on February 19, 2016 for the goods "Business

6   marketing and consulting services in the fields of wealth management, insurance brokerage,

7   financial investments, managed accounts, mutual funds, securities, annuities, hedge funds,

8   options, retirement plans, investment advice, and financial planning; marketing advisory services

9   in the fields of wealth management, insurance brokerage, financial investments, managed

10   accounts, mutual funds, securities, annuities, hedge funds, options, retirement plans, investment

11   advice, and financial planning; consulting services in the field of practice management for

12   financial advisors; providing business planning and marketing solutions for financial advisors" in

13   International Class 35, "Providing a resource website featuring marketing materials in the fields

14   of wealth management, insurance brokerage, financial investments, managed accounts, mutual

15   funds, securities, annuities, hedge funds, options, retirement plans, investment advice, and

16   financial planning; financial due diligence services in the fields of wealth management, insurance

17   brokerage, financial investments, managed accounts, mutual funds, securities, annuities, hedge

18   funds, options, retirement plans, investment advice, and financial planning; stock brokerage

19   services; mutual fund brokerage; financial investment brokerage; estate planning; financial asset

20   management and allocation; hedge fund investment services; investment management" in

21   International Class 36, "Business education and training services, namely, providing conferences,

22   seminars, online interactive training sessions, non-downloadable webinars, and online non-

23   downloadable videos in the fields of wealth management, insurance brokerage, financial

24   investments, managed accounts, mutual funds, securities, annuities, hedge funds, options,

25   retirement plans, investment advice, and financial planning; interactive online training services in

26   the fields of wealth management, insurance brokerage, financial investments, managed accounts,

27   mutual funds, securities, annuities, hedge funds, options, retirement plans, investment advice, and

28   financial planning; providing training for financial advisors in the fields of business management,

business operations, sales and marketing; providing online, non-downloadable videos featuring

educational and training content in the fields of wealth management, insurance brokerage,

financial investments, managed accounts, mutual funds, securities, annuities, hedge funds,

options, retirement plans, investment advice, and financial planning" in International Class 41,

and "Providing a website featuring technology which provides users with the ability to obtain

information and analysis by downloading customized reports regarding wealth management,

insurance brokerage, financial investments, managed accounts, mutual funds, securities,

annuities, hedge funds, options, retirement plans, investment advice, and financial planning;

providing an interactive website featuring technology that allows users to access and synthesize

information and generate reports for use in providing investment advice, financial advisory and

retirement planning services; providing technology consulting in the fields of wealth

management, insurance brokerage, financial investments, managed accounts, mutual funds,

securities, annuities, hedge funds, options, retirement plans, investment advice, and financial

planning" in International Class 42.

29.    Defendant Kestra Financial, Inc. is the current owner of U.S. Application Serial

No. 86/913,195 for the KESTRA FINANCIAL trademark filed on February 19, 2016 for

"Financial consulting and advisory services in the fields of wealth management, insurance

brokerage, financial investments, managed accounts, mutual funds, securities, annuities, hedge

funds, options, retirement plans, investment advice, and financial planning; financial retirement

plan consulting and administration services; providing a web site featuring financial and stock

market research information in order to assist financial professionals in the management of

financial investments; providing information and advice in the fields of finance, financial

investments, financial valuations, and the financial aspects of retirement; providing a resource

website featuring information in the fields of wealth management, insurance brokerage, financial

investments, managed accounts, mutual funds, securities, annuities, hedge funds, options,

retirement plans, investment advice, and financial planning; providing information and analysis in

the fields of wealth management, insurance brokerage, financial investments, managed accounts,

mutual funds, securities, annuities, hedge funds, options, retirement plans, investment advice, and

1  financial planning; financial planning; financial planning and investment advisory services;

2  financial advisory and consultancy services; financial analysis and research services" in

3  International Class 36.

4       30.    Defendant Kestra Financial, Inc. is the current owner of U.S. Application Serial

5  No. 86/983,033 for the KESTRA FINANCIAL trademark filed on February 19, 2016 for

6  "Business marketing and consulting services in the fields of wealth management, insurance

7  brokerage, financial investments, managed accounts, mutual funds, securities, annuities, hedge

8  funds, options, retirement plans, investment advice, and financial planning; marketing advisory

9  services in the fields of wealth management, insurance brokerage, financial investments, managed

10  accounts, mutual funds, securities, annuities, hedge funds, options, retirement plans, investment

11  advice, and financial planning; consulting services in the field of practice management for

12  financial advisors; providing business planning and marketing solutions for financial advisors" in

13  International Class 35, "Providing a resource website featuring marketing materials in the fields

14  of wealth management, insurance brokerage, financial investments, managed accounts, mutual

15  funds, securities, annuities, hedge funds, options, retirement plans, investment advice, and

16  financial planning; financial due diligence services in the fields of wealth management, insurance

17  brokerage, financial investments, managed accounts, mutual funds, securities, annuities, hedge

18  funds, options, retirement plans, investment advice, and financial planning; stock brokerage

19  services; mutual fund brokerage; financial investment brokerage; estate planning; financial asset

20  management and allocation; hedge fund investment services; investment management" in

21  International Class 36, "Business education and training services, namely, providing conferences,

22  seminars, online interactive training sessions, non-downloadable webinars, and online non-

23  downloadable videos in the fields of wealth management, insurance brokerage, financial

24  investments, managed accounts, mutual funds, securities, annuities, hedge funds, options,

25  retirement plans, investment advice, and financial planning; interactive online training services in

26  the fields of wealth management, insurance brokerage, financial investments, managed accounts,

27  mutual funds, securities, annuities, hedge funds, options, retirement plans, investment advice, and

28  financial planning; providing training for financial advisors in the fields of business management,

1  business operations, sales and marketing; providing online, non-downloadable videos featuring

2  educational and training content in the fields of wealth management, insurance brokerage,

3  financial investments, managed accounts, mutual funds, securities, annuities, hedge funds,

4  options, retirement plans, investment advice, and financial planning" in International Class 41,

5  and "Providing a website featuring technology which provides users with the ability to obtain

6  information and analysis by downloading customized reports regarding wealth management,

7  insurance brokerage, financial investments, managed accounts, mutual funds, securities,

8  annuities, hedge funds, options, retirement plans, investment advice, and financial planning;

9  providing an interactive website featuring technology that allows users to access and synthesize

10  information and generate reports for use in providing investment advice, financial advisory and

11  retirement planning services; providing technology consulting in the fields of wealth

12  management, insurance brokerage, financial investments, managed accounts, mutual funds,

13  securities, annuities, hedge funds, options, retirement plans, investment advice, and financial

14  planning" in International Class 42.

15  **FIRST CLAIM FOR RELIEF**

16  **Trademark Infringement Under 15 U.S.C. § 1114**

17      31.      Kestros repeats and realleges each allegation set forth in paragraphs 1 through 30

18  above as if fully set forth herein.

19      32.      The acts of Defendants described above constitute trademark infringement in

20  violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

21      33.      Kestros has valid and protectable registered rights in the KESTROS® mark dating

22  from the June 12, 2013 filing date for its application to register the KESTROS® mark.  It has

23  used the KESTROS® mark in commerce in the United States since at least as early as March 20,

24  2014.  These rights predate Defendants' use of the KESTRA Infringing Marks in regard to

25  financial and investment services in the United States, which did not begin until April 2016.

26      34.      On information and belief, Defendants had actual knowledge of Kestros'

27  ownership and use of the KESTROS® mark prior to their adoption of the KESTRA Infringing

28  Marks.

35.     Defendants' unauthorized use of the KESTRA Infringing Marks as alleged above is likely to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and quality of the services Defendants are offering under the KESTRA Infringing Marks, constituting trademark infringement in violation of 15 U.S.C. § 1114.

36.     As a direct and proximate result of Defendants' wrongful conduct, Kestros has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless Defendants are enjoined by the Court, Kestros will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which Kestros has no adequate remedy at law.

37.     On information and belief, Defendants have acted willfully to usurp Kestros' rights, and Defendants should be held liable to Kestros for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**

**Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)**

38.     Kestros repeats and realleges each allegation set forth in paragraphs 1 through 37 above as if fully set forth herein.

39.     The acts of Defendants as described above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.     Kestros has valid and protectable registered rights in the KESTROS® mark dating from the June 12, 2013 filing date for its application to register the KESTROS® mark.  It has used the KESTROS® mark in commerce in the United States since at least as early as March 20, 2014.  These rights predate Defendants' use of the KESTRA Infringing Marks in regard to financial and investment services in the United States, which did not begin until April 2016.

41.     On information and belief, Defendants had actual knowledge of Kestros' ownership and use of the KESTROS® mark prior to their adoption and use of the KESTRA Infringing Marks.

42.     Defendants' unauthorized use of the KESTRA Infringing Marks as alleged above is likely to cause consumers to believe that there is a relationship between Defendants and

1    Kestros and/or that Defendants' services are associated with or come from Kestros and such

2    association constitutes false designation of origin, in violation of 15 U.S.C. § 1125(a).

3         43.    As a direct and proximate result of Defendants' wrongful conduct, Kestros has

4    been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts,

5    and unless Defendants are enjoined by the Court, Kestros will suffer further harm to its name,

6    reputation, and goodwill.  This harm constitutes an injury for which Kestros has no adequate

7    remedy at law.

8         44.    On information and belief, Defendants have acted willfully to usurp Kestros'

9    rights, and Defendants should be held liable to Kestros for treble damages and attorneys' fees

10   pursuant to 15 U.S.C. § 1117(a).

11                              **THIRD CLAIM FOR RELIEF**

12        **Unfair Competition Under California Bus. & Prof. Code §§ 17200 et seq.**

13        45.    Kestros repeats and realleges each allegation set forth in paragraphs 1 through 44

14   above as if fully set forth herein.

15        46.    Defendants' conduct, described above, constitutes unlawful or fraudulent business

16   acts or practices and as such constitutes unfair competition under California Business &

17   Professions Code §§ 17200 *et seq.*

18        47.    Defendants' conduct constitutes unlawful business acts or practices in that

19   Defendants have engaged in trademark infringement under Section 32 of the Lanham Act,

20   15 U.S.C. § 1114, and unfair competition and false designation of origin under Section 43(a) of

21   the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

22        48.    Defendants' conduct constitutes fraudulent business acts or practices in that

23   Defendants' trademark infringement, unfair competition, and false designation of origin are likely

24   to mislead or deceive, and have in fact misled and deceived.

25        49.    As a direct and proximate result of Defendants' wrongful conduct, Kestros has

26   been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts,

27   and unless Defendants are enjoined by the Court, Kestros will suffer further harm to its name,

28

1    reputation, and goodwill.  This harm constitutes an injury for which Kestros has no adequate

2    remedy at law.

3         50.    On information and belief, Defendants have acted with full knowledge of Kestros'

4    rights and with the intention to usurp such rights and, therefore, their aforementioned acts are

5    willful and intentional.

6         51.    Defendants should be required to restore to Kestros any and all profits earned as a

7    result of their unlawful or fraudulent business acts or practices, or provide Kestros with any other

8    restitutionary relief as the Court deems appropriate.

9                            **FOURTH CLAIM FOR RELIEF**

10   **Refusal of Defendants' Federal Trademark Applications Pursuant to 15 U.S.C. § 1119**

11        52.    Kestros repeats and realleges each allegation set forth in paragraphs 1 through 51

12   above as if fully set forth herein.

13        53.    Kestros has valid and protectable rights in the KESTROS® mark since

14   substantially prior to Defendants Kestra Financial, Inc.'s priority date for U.S. Application Serial

15   Nos. 86/983,057, 86/913,195, 86/913,184, and 86/983,033 for the KESTRA Infringing Marks for

16   use in connection with various financial and investment advice and services.

17        54.    Kestros has not authorized Defendants to use, apply to register, or register any

18   mark substantially the same as or nearly identical to KESTROS® for financial and investment

19   advice and services.

20        55.    Defendants' unauthorized use, application, and registration of the KESTRA

21   Infringing Marks for financial and investment advice and services is likely to cause consumers to

22   believe that there is a relationship between Defendants and Kestros and/or that Defendants'

23   KESTRA financial and investment advice and services are associated with or come from Kestros.

24        56.    As a direct and proximate result of Defendants' unauthorized applications for the

25   KESTRA Infringing Marks, Kestros is now, and will be, irreparably injured and damaged by

26   Defendants' aforementioned applications, and unless the applications are refused registration by

27   order of the Court, Kestros will suffer further harm to its name, reputation, and goodwill.  This

28   harm constitutes an injury for which Kestros has no adequate remedy at law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PRAYER FOR RELIEF**

WHEREFORE, Kestros prays for the following relief:

1.      That judgment be entered in favor of Kestros and against Defendants on each and every Count of this Complaint;

2.      For entry of an order and judgment requiring that Defendants and their officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be enjoined during the pendency of this action and permanently thereafter from (a) using in any manner the KESTRA Infringing Marks or any other KESTR-formative trademarks, or any mark or name that is confusingly similar to or a colorable imitation of the KESTROS® mark owned by Kestros; (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective customers as to the source of the products offered or distributed by Defendants, or likely to confuse members of the public or prospective customers into believing that there is some connection between Kestros and Defendants or any other entity owned by or associated with Defendants; (c) otherwise competing unfairly with Kestros in any manner; or (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (c) of this paragraph 2;

3.      For entry of an order and judgment directing Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Kestros within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and ceased all offering of services under the KESTRA Infringing Marks, as set forth above;

4.      For entry of an order and judgment directing Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all catalogs, articles, products, displays, labels, circulars, letterhead, business cards, promotional items, clothing, literature, or other matter in the possession, custody, or under the control of Defendants or their agents bearing any of the KESTRA Infringing Marks, or any mark that is confusingly similar to the KESTROS® mark;

1        5.      For entry of an order directing the USPTO not to register the KESTRA Infringing

2   Marks in Trademark Application Serial Nos. 86/983,057, 86/913,195, 86/913,184, and

3   86/983,033 pursuant to 15 U.S.C. § 1119;

4        6.      For a judgment in the aggregate amount of (a) Defendants' profits, (b) Kestros'

5   actual damages, (c) the costs of this action pursuant to 15 U.S.C. § 1117, and (d) restitution

6   and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have

7   been obtained by Defendants as a result of their unlawful and/or fraudulent business acts or

8   practices;

9        7.      That the Court award enhanced damages under 15 U.S.C. § 1117;

10        8.      That the Court award Kestros reasonable attorneys' fees; and

11        9.      That the Court grant such other and further relief as it deems just and proper.

Dated:    February 21, 2018         JENNIFER LEE TAYLOR
                                       AMANDA D. PHILLIPS
                                       RYAN ROMAIN
                                       MORRISON & FOERSTER LLP

                         By:    _/s/Jennifer Lee Taylor_
                                  JENNIFER LEE TAYLOR

                                 Attorneys for Plaintiff
                                 KESTROS CAPITAL
                                 MANAGEMENT, LLC

1

## JURY DEMAND

2

Kestros demands a jury trial in this matter as to all matters triable by a jury.

3

4

Dated:    February 21, 2018                                JENNIFER LEE TAYLOR
                                                           AMANDA D. PHILLIPS
                                                           RYAN ROMAIN
5                                                          MORRISON & FOERSTER LLP

6

7                                                By:    _/s/Jennifer Lee Taylor_
                                                        JENNIFER LEE TAYLOR
8

9                                                        Attorneys for Plaintiff
                                                         KESTROS CAPITAL
10                                                       MANAGEMENT, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28